Andrew James Ensor
2367 Conway Rd #218
Orlando, Florida 32812
314.882.0551 - 407.235.5301
AJEnsr@aol.com

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

---

ANDREW JAMES ENSOR, per se

**Plaintiff / Petitioner**

vs.

1. **The Park at Venosa Apartments**
2320 Conway Road, Orlando, Florida 32812
AKA: **Blue Rock Premier Properties, LLC**
    Florida Entity
    **FL.DOC #:** L15000178344
    **FEI/EIN:** 47-5374174;

2. **Conway Property Holdings, LLC**
Foreign Limited Liability Company
Delaware
FL File # M21000006467: 26 May 2021

3. **Randy X. Ferreira:**
Blue Rock Premier Properties, LLC
Florida real estate broker license numbers
**BK 3221456 and 3352834,**
issued in 2009 and 2016 respectively

4. **Lisa Gorsuch** – Executive *Secretary* and
CFO of Blue Rock Premier Properties, LLC

      **Defendant(s)/Respondent(s)**

Case No:  **2025-CA-006540-O**

**JUDGE:**

**EMERGENCY**

**MOTION**

**FOR**

**PROTECTIVE ORDER**

---

    **COMES NOW** Plaintiff, Plaintiff, **Andrew James Ensor**, proceeding pro se, pursuant to **Fed. R. Civ. P. 26(c)** and this Court's equitable powers, and respectfully moves for entry of a Protective Order prohibiting Defendants from engaging in retaliatory, coercive, or disruptive conduct during the pendency of this litigation. In support thereof, Plaintiff states:

## I. BACKGROUND

1. Plaintiff is a qualified individual with disabilities within the meaning of the **Fair Housing Act** ("FHA"), 42 U.S.C. § 3604(f), and the **Americans with Disabilities Act** ("ADA"), 42 U.S.C. § 12102. Verified documentation of disability and indigency has been provided.

2. Plaintiff resides in a unit managed by Defendants, which is the subject of this litigation. The complaint alleges ongoing violations of housing, disability, and consumer protection laws, including unsafe living conditions, failure to accommodate, and retaliatory conduct.

3. On or about **August 8, 2025**, following the filing of Plaintiff's complaint, Defendants conducted an unauthorized inspection of Plaintiff's residence without court approval in violation of Fla. R. Civ. P. 1.350. This was coercive and retaliatory in nature and violated Plaintiff's rights under the **FHA's anti-retaliation provision, 42 U.S.C. § 3617**, and **Florida Stat. § 83.64**.

4. This inspection was retaliatory, coercive, and intended to intimidate Plaintiff for asserting his rights under the FHA and ADA. Plaintiff remains at risk of further retaliation, including eviction, utility disruption, negative impact on credit reports or interference with his medical accommodations.

## II. LEGAL STANDARD

5. Federal courts may issue protective orders to prevent harassment, intimidation, or undue burden. **Fed. R. Civ. P. 26(c)** authorizes the Court to enter orders limiting discovery or conduct "to protect a party from annoyance,

embarrassment, oppression, or undue burden." SEE: Chiquita Brands Int'l, Inc., <u>965 F.3d 1238</u> (11th Cir. 2020).

6. Injunctive relief is appropriate where the movant demonstrates (1) a substantial likelihood of success on the merits, (2) irreparable harm, (3) no adequate remedy at law, and (4) that the relief serves the public interest. See *Siegel v. LePore*, <u>234 F.3d 1163, 1176</u> (11th Cir. 2000); *Carnevale v. City of Palm Beach*, <u>892 So. 2d 501</u> (Fla. 4th DCA 2005).

7. Courts in this Circuit have recognized that equitable relief is appropriate where irreparable injury and likelihood of success are shown. See *Goza v. Bolger*, <u>741 F.2d 1383</u> (11th Cir. 1984) (affirming injunctive relief pending agency review where retaliation and harm to rights were shown).

8. Retaliatory conduct that chills assertion of rights itself constitutes irreparable harm. *Holt v. Continental Group, Inc.*, 708 F.2d 87, 91 (2d Cir. 1983) (retaliation deters exercise of statutory rights and justifies injunction); see also *Handsome Brook Farm, LLC v. Humane Farm Animal Care, Inc.*, 700 F. App'x 251, 263 (4th Cir. 2017).

9. Prompt filing of this motion underscores the immediacy of the threat. See *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1248–49 (11th Cir. 2016) (noting that delay in seeking injunction undermines irreparable harm showing).

## III. ARGUMENT

10. **Likelihood of Success.** Plaintiff's claims under the FHA and ADA are strong and have pushed the defendants into a corner or legal quagmire based on the fact that discovery testimony from plaintiff's neighbors former residents inform our managers along with contracted service personnel will confirm all allegations in the complaint filed, and evidence already shows Defendants' retaliatory conduct, including unauthorized entry in violation of statutory protections.

11. Additionally the facts presented in the complaint already meet the qualifications of criminality by the way of probable cause and preponderance of fact(s).

12. **Irreparable Harm.** Plaintiff faces risks to health, housing stability, and ability to participate meaningfully in litigation. Threats of eviction or utility shutoff cannot be remedied after the fact with damages. *Holt*, 708 F.2d @ 91.

13. **Balance of Harms.** Defendants suffer no legitimate prejudice from being ordered to refrain from unlawful retaliation or unauthorized entry. Plaintiff faces homelessness and worsening disability if relief is denied.

14. **Public Interest.** The public has a strong interest in preventing landlord retaliation, protecting disabled tenants, and ensuring fair enforcement of federal civil rights laws. See *Carnevale v. City of Palm Beach*, <u>892 So. 2d 501</u>, 507 (Fla. 4th DCA 2005).

## III. REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a Protective Order:

a. Prohibiting Defendants from initiating eviction, entering Plaintiff's residence, or disrupting utilities without prior written court approval;

b. Enjoining Defendants from retaliating against Plaintiff for asserting his rights under the FHA, ADA, or related statutes;

c. Ordered suspending Plaintiff's obligation to pay rent during pendency of litigation, subject to Court supervision, where habitability and retaliation issues are intertwined., whereas

d. Ordering that this relief remains in effect for the duration of this litigation, including appeals;

e. Granting such other and further relief as the Court deems just and proper.

This the _5th_ day of September 2025

Respectfully submitted,

_Andrew James Ensor_
Andrew James Ensor
Pro Se Plaintiff



NATIONAL
**Spine**
**&Pain**
CENTERS
1170 S Semoran Blvd, Orlando, FL 32807   407.955.59999

21 AUGUST 2025

**PHYSICIAN'S CERTIFICATION**
RE: Andrew J Ensor                                    DOB: 01-26-1960
PATIENT SINCE 2018

**DIAGNOSIS**: Lumbar Radiculopathy, aka: Degenerative Spinal Disease, Cervical Disc Disease & Type 2 Diabetes.

**TREATMENT**: Steroid injections into spine and shoulders, pain medications.

**CONDITION**: Is expansive and aggravated by Diabetes

**DETERMINATION**: DISABLED

Andrew Ensor has been a patient at our facility since 2018. He is being treated for advanced arthritis in his neck, back, shoulders and arms.

He has been fully disabled for at least the last sixty months and while his condition is reasonably controllable there is no medical expectation of recovery.

In the last 10 weeks the arthritic condition in his left arm and shoulder has been expansive. On a scale of 1 to 10, Mr. Ensor has been experiencing pain above level 6 continuously. He reports losing all strength in his left arm and his left hand becoming numb. This is symptomatic of said diagnosis advancing. Accordingly, he has been treated with steroid injection(s) and pain medication(s).

**PROGNOSIS**: the patient's condition is directly related to his age and is aggravated by his diabetic condition and is continuous and expansive based on those facts', his mobility is limited by said diagnosis, and there is no expectation of any meaningful recovery.

_(signature)_                                    8/21/2025
_____                          _____
Dr. Cesar A. Lassalle, MD                         DATE
Medical Director
National Pain & Spine Center
Orlando, FL.

**CERTIFICATE OF SERVICE**     Federal Rule of Civil Procedure 5(d)(1)(B).

   **I HEREBY CERTIFY** that a true and correct copy of the foregoing has been

served via e-filing portal and email to:

**CASE NUMBER: 6:25-cv-0162**

   **I HEREBY CERTIFY** that a true and correct copy of the foregoing has been

served via e-filing portal and email to:

 Maura Krause, Esq., Jelica Delaine, Esq. at
mkrause@rlattorneys.com;
jdelaine@rlattorneys.com;
aaumiller@rlattorensy.com;
lschneider@rlattorneys.com

Lindsay Topping Brigman, Esquire
Florida Bar No. 0654981
Ashley E. Ettaro, Esquire
Florida Bar No. 1002245
WICKER SMITH O'HARA MCCOY & FORD, P.A.
100 S. Ashley Dr., Suite 1800
Tampa, FL 33602
Phone: (813) 222-3939
Fax: (813) 222-39382

TPAcrtpleadings@wickersmith.com

Attorneys for Defendants

on this __5th__ day of September 2025.

Andrew James Ensor
Pro Se Plaintiff

***For The Record Only No Judge Had Beed Assigned At Time of Filing:***

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

Andrew James Ensor,
Plaintiff,
v.
Blue Rock Premier Properties, LLC, et al.,
Defendants.

Case No.: 6:25-cv-0162

[PROPOSED] ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION
FOR PROTECTIVE ORDER

THIS CAUSE came before the Court on Plaintiff's Emergency Motion for Protective
Order. Upon review of the Motion, the record, and being otherwise duly advised, it
is hereby:

ORDERED AND ADJUDGED:

Protective Relief Granted. Defendants, their agents, employees, successors, and
assigns are hereby prohibited from:

Initiating eviction proceedings against Plaintiff during the pendency of this litigation
without prior leave of Court;

Entering Plaintiff's residence without prior written Court approval;

Interrupting or disrupting Plaintiff's utility services; and

Engaging in any retaliatory or coercive conduct against Plaintiff for asserting rights
under the FHA, ADA, or related statutes.

Conditional Relief. Plaintiff's obligation to pay rent is hereby temporarily suspended during the pendency of this litigation, subject to further order of the Court.

Duration. This Protective Order shall remain in effect until further order of this Court, including through any appeal unless otherwise modified.

Further Relief. The Court retains jurisdiction to enforce, modify, or dissolve this Protective Order as justice requires.

DONE AND ORDERED in Orlando, Florida this ___ day of September, 2025.

_____

**United States District Judge**