# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

ANDREW JAMES ENSOR,

    Plaintiff,

vs.                                          Case No. 6:25-cv-01628-WWB-RMN

BLUE ROCK PREMIER PROPERTIES, LLC.,
CONWAY PROPERTY HOLDINGS, LLC.,
RANDY X. FERREIRA and
LISA GORSUCH,

    Defendants.

_____ /

## DEFENDANTS' BLUE ROC PREMIER PROPERTIES, LLC., CONWAY PROPERTY HOLDINGS, LLC., RANDY X. FERREIRA AND LISA GORSUCH RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

COMES NOW, Defendants, BLUE ROC PREMIER PROPERTIES, LLC. (incorrectly spelled as "BLUE ROCK PREMIER PROPERTIES, LLC" in the Complaint), CONWAY PROPERTY HOLDINGS, LLC., RANDY X. FERREIRA and LISA GORSUCH (hereinafter "Defendants"), and hereby submit this Opposition to Plaintiff Andrew Ensor's Motion for Protective Order [DE-10] and state as follows:

### I.    INTRODUCTION

Plaintiff's Motion for Protective Order seeks extraordinary and sweeping equitable relief, including a suspension of rent payments, court-supervised utility protections, and a ban on all property entry without prior court approval, on the basis of speculative and unsupported allegations. However, Plaintiff has failed to meet the legal requirements for obtaianing such relief under Federal Rule of Civil Procedure 26(c). Because Plaintiff does not establish a substantial likelihood of success on the merits, irreparable harm, the

inadequacy of legal remedies, or that the requested relief serves the public interest, the Motion should be denied.

## II.     LEGAL STANDARD

Courts will grant a temporary restraining order or preliminary injunction only when the movant establishes four elements: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the nonmovant; and (4) that entry of the relief would serve the public interest. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005) (*citing Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *All Care Nursing Serv. v. Bethesda Mem'l Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (quotations omitted).

## III.     ARGUMENT

### A. Plaintiff Has Not Demonstrated a Likelihood of Success on the Merits of His FHA or ADA Claims

Plaintiff's Motion relies on the assertion that he is likely to prevail on his claims under the Fair Housing Act ("FHA") and Americans with Disabilities Act ("ADA"). However, as shown below, Plaintiff has not alleged sufficient facts to support a viable claim under either statute, and his claims are subject to dismissal as a matter of law. Without a viable underlying claim, Plaintiff cannot establish the required "substantial likelihood of success on the merits" to justify the extraordinary injunctive relief he seeks.

### i. Plaintiff has not stated a valid claim under the Fair Housing Act.

To set forth a valid FHA claim for disability discrimination based on failure to provide a reasonable accommodation, a plaintiff must establish the following elements: (1) he is disabled within the meaning of the FHA and that the defendant knew or should have known of the disability, (2) the defendant knew the accommodation was necessary to afford the individual an equal opportunity to use and enjoy the dwelling, (3) the accommodation was reasonable, and (4) the defendant refused to make the accommodation. *Adams v. Lake Forest Apartments*, 2017 U.S. Dist. LEXIS 232324 (M.D. Fla. 2017) (*citing Schwartz v. City of Treasure Island*, 544 F.3d 1201, 1218-19 (11th Cir. 2008)).

Here, Plaintiff's Complaint and Motion do not allege that he made any specific request for a reasonable accommodation, Defendants ever refused such a request, Defendants were advised of any disability-related need for accommodation; or that the requested accommodation was necessary and reasonable. Instead, Plaintiff vaguely references the term "reasonable accommodation" without identifying what accommodation was requested, when it was requested, or how it was related to a disability. As the court explained in *Pike v. Heron Cay Homeowners Association*, FHA claims are routinely dismissed when there is no actual accommodation request or insufficient information for the housing provider to know one was needed. *Pike v. Heron Cay Homeowners Ass'n*, 2017 U.S. Dist. LEXIS 46811 (S.D. Fla. Mar. 24, 2017),

Plaintiff also fails to plausibly allege that any adverse action was taken against him because of a disability. At most, Plaintiff in his Complaint asserts the existence of alleged unsanitary conditions in the unit, an issue that would affect any tenant, regardless of

disability status. There are no facts suggesting that the condition was caused by, related to, or motivated by discriminatory animus based on Plaintiff's alleged disabilities.

### ii. Plaintiff has not pleaded a viable claim under the ADA.

Plaintiff's ADA claims are similarly defective. He fails to identify any provision under the ADA that applies to the facts he alleges. To the extent he seeks relief under Title II or Title III, both are inapplicable. Title II of the ADA applies only to public entities, such as state or local governments and their instrumentalities. *See* 42 U.S.C. § 12131(1). Title III applies to places of public accommodation. See 42 U.S.C. § 12182(a). Privately owned residential properties, such as apartment buildings and rental units, are not places of public accommodation under Title III and are not public entities under Title II, unless they are operated by the government or open to the public. *See Lancaster v. Phillips Investments, LLC*, 482 F. Supp. 2d 1362, 1366-67 (M.D. Ala. 2007).

Here, Plaintiff's Complaint does not allege that Defendants operate a public entity or a place of public accommodation. Nor does he allege any denial of access to a public program, service, or activity as required by Title II. Without this, his ADA claim fails as a matter of law. *See Braggs v. Keith Realty Midtown/Corporate Overseer*, 2010 U.S. Dist. LEXIS 74983 (N.D. Ala. 2010) (ADA claim dismissed for failure to allege housing provider was a public entity).

Even if Plaintiff had alleged that the ADA applied, he fails to satisfy the elements of an ADA discrimination claim. To state a valid claim under the ADA, a plaintiff must allege: (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the entity; and (3) that such

exclusion, denial of benefits, or discrimination was by reason of his disability. *See Shotz v. Cates*, 256 F.3d 1077, 1079 (11th Cir. 2001).

Plaintiff's Complaint contains none of these required elements. He does not allege denial of access to any specific program or activity, nor does he allege any discriminatory conduct linked to his disability. In fact, his allegations are centered on general grievances with property conditions that are not related to disability. Without any specific allegations of being excluded or denied benefits by reason of his disability, there is no likelihood of the Plaintiff succeeding which is necessary for such a request for a preliminary injunction/restraining order.

**B. No Irreparable Harm Has Been Shown**

Plaintiff's claimed harms, including potential eviction, credit reporting, or utility disruption, are hypothetical and not imminent. *See Siegel v. LePore*, 234 F.3d 1162, 1163 (11th Cir. 2000) (emphasizing that "the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'") (*quoting Northeastern Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990)); *Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994) (stating that to obtain injunctive relief, a plaintiff must show "a real and immediate - as opposed to a merely conjectural or hypothetical - threat of future injury").

Plaintiff claims that he is at risk of eviction or utility shutoff, but he provides no evidence that any such action is imminent or even contemplated. Defendants affirmatively state that no eviction proceedings have been initiated, and none will be initiated so long as Plaintiff continues to pay rent and complies with the terms of his lease. Without even

alleging such an issue, there is no basis to assert the potential for irreparable harm if Plaintiff's request is not granted by the court.

### C. Legal Remedies Exist

Even if Plaintiff could establish a legal violation (which he has not), money damages and/or injunctive relief after a merits ruling would be adequate legal remedies. *See Sampson v. Murray*, 415 U.S. 61, 88, 94 S.Ct. 937, 952, 39 L.Ed.2d 166 (1974) ("The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies."). Plaintiff has access to courts and tenant protections under state law. A protective order is not a substitute for adjudication on the merits, nor may it be used to suspend rent obligations. This is not an instance where there is not the potential for legal remedies, making it another basis for the court to deny the request.

### D. The Requested Relief Would Not Serve the Public Interest

Plaintiff's motion improperly seeks to prohibit lawful inspections of leased premises, enjoin standard landlord activity, suspend rent obligations entirely, and impose court oversight over routine property operations. This is not narrowly tailored relief. Landlords must retain the ability to manage their property lawfully, ensure safety, conduct repairs, and enforce lease terms. Plaintiff's requested relief would interfere with those rights and burden the Court with unnecessary oversight, which is not in the public interest.

## IV. CONCLUSION

For all the foregoing reasons, Plaintiff has failed to demonstrate a likelihood of success on the merits, irreparable harm, lack of legal remedy, or public interest in support of the sweeping injunction he seeks. Accordingly, Defendants respectfully request that this Court deny Plaintiff's Motion for Protective Order in its entirety.

WHEREFORE, the Defendants respectfully request that the Motion be, in all respects, denied.

Respectfully submitted this 17th day of September, 2025.

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
*Attorney for Defendants*
100 Southeast Second Street
Suite 3800
Miami, Florida 33131
Telephone (305) 374-4400
Facsimile (305) 579-0261

By: */s/Shawna C. Biggs*
Shawna C. Biggs
Florida Bar No. 1026407
shawna.biggs@wilsonelser.com

*[Remainder of page intentionally left blank, Certificate of Service on page to follow.]*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on September 17, 2025, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

By: */s/Shawna C. Biggs*
Shawna C. Biggs
Florida Bar No. 1026407

## SERVICE LIST

| | |
|---|---|
| Andrew Ensor, Pro Se<br>Email: ajensr@aol.com<br><br>*Plaintiff* | Maura F. Krause, Esq.<br>Jelica V. Delaine, Esq.<br>RESNICK & LOUIS, P.C.<br>4040 NE 2nd Ave 6D<br>Miami, Florida 33137<br>Telephone/Facsimile: 786-472-6416<br>mkrause@rlattorneys.com<br>jdelaine@rlattorneys.com<br>aaumiller@rlattorneys.com<br>lschneider@rlattorneys.com<br><br>*Counsel for BLUE ROCK PREMIER PROPERTIES, LLC. CONWAY PROPERTY HOLDINGS, LLC., RANDY X. FERREIRA AND LISA GORSUCH* |
| Ashley E. Ettaro, Esq.<br>WICKER SMITH O'HARA MCCOY & FORD, P.A.<br>1000 S. Ashley Dr. Suite 1800<br>Tampa, Florida 33602<br>Phone: (813) 222-3939<br>Fax: (813) 222-3938<br>Email:<br>TPAcrtpleadings@wickersmith.com<br>*Limited Appearance Counsel for BLUE ROCK PREMIER PROPERTIES, LLC., CONWAY PROPERTY HOLDINGS, LLC., RANDY X. FERREIRA AND LISA GORSUCH* | Shawna C. Biggs, Esq.<br>WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP<br>100 SE Second Street, Suite 2100<br>Miami, Florida 33131<br>Telephone: 305-374-2275<br>Facsimile: 305-579-0261<br>shawna.biggs@wilsonelser.com<br>alyssa.heitman@wilsonelser.com<br><br>*Limited Appearance Counsel for BLUE ROCK PREMIER PROPERTIES, LLC., CONWAY PROPERTY HOLDINGS, LLC., RANDY X. FERREIRA AND LISA GORSUCH* |