UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANDREW JAMES ENSOR,

    Plaintiff,

vs.

THE PARK AT VENOSA
APARTMENTS; CONWAY
PROPERTY HOLDINGS, LLC;
RANDY X FERREIRA; and
EXECUTIVE SECRETARY
LISA GORSUCH,

    Defendants.

Case No.
6:25-cv-1628-WWB-RMN

## REPORT AND RECOMMENDATION

This matter is before the Court without oral argument on *pro se* Plaintiff's two Emergency Motions for Protective Orders. Dkts. 10, 37. Defendants responded to the first Motion on September 17, 2025. Dkt. 26. Although Plaintiff asserts he is bringing this Motion under Federal Rule of Civil Procedure 26(c), Dkts. 10 at 1, 37 at 1, it appears that he is in fact moving for injunctive relief under Federal Rule of Civil Procedure 65.[1] Upon consideration, I respectfully recommended

---

[1] Federal courts may "ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a

construing both Motions as requests for preliminary injunctive relief denying them.

## I. BACKGROUND

Plaintiff sued Defendants in state court, alleging fifteen causes of action. Dkt.1-1. Defendants removed the case to this Court on August 25, 2025. Dkt. 1. Before the Court now are Plaintiff's requests for injunctive relief. Dkts. 10, 37. Plaintiff's first Motion asks the Court to prohibit Defendants from evicting him or entering his residence, preventing Defendants from retaliating against him, and ordering suspension of his rent payments. Dkt. 10 at 5. Plaintiff's second Motion requests suspending his rent payments and preventing Defendants from retaliating against him. Dkt. 37 at 3. Because these Motions overlap, I address both in a single report and recommendation.

## II. LEGAL STANDARD

A preliminary injunction is "an extraordinary remedy never awarded as of right." *Benisek v. Lamone*, 585 U.S. 155, 158 (2018). A preliminary injunction is granted only if the movant clearly establishes: "(1) [he] has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the

---

different legal category . . . to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." *Castro v. United States*, 540 U.S. 375, 381–82 (2003) (collecting cases).

proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000).

### III. ANALYSIS

"A showing of irreparable injury is 'the sine qua non of injunctive relief.'" *Siegel*, 234 F.3d at 1167 (quoting *Ne. Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990)). The injury must not be remote or speculative, but actual and imminent. *Ne. Fla. Chapter*, 896 F.3d at 1285. "An injury is 'irreparable' only if it cannot be undone through monetary remedies." *Id.* If any one of these elements is not proven, there is no need to address the other three factors. *Sofarelli v. Pinellas Cnty.*, 931 F.2d 718, 724 (11th Cir. 1991).

The first Motion contains only two sentences supporting the irreparable harm element and the second Motion contains no support. Dkts. 10, 37. According to the first Motion, "Plaintiff faces risks to health, housing stability, and ability to participate meaningfully in litigation." Dkt. 10 ¶ 12. No rationale or argument is made in support of Plaintiff's request in the second motion. Dkt. 37 at 1–2.

I find Plaintiff has not established irreparable harm for three reasons. First, his conclusory allegations are insufficient to satisfy his burden of proving that there is a real and immediate harm. *See Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994) (injunction

requires movant to prove "a real and immediate—as opposed to a merely conjectural or hypothetical—threat of *future* injury"). Plaintiff has not provided any evidence that he stands to be evicted based on his complaints concerning the habitability of his apartment.

Second, counsel for the Defendants states affirmatively in their response that "no eviction proceedings have been initiated, and none will be initiated so long as Plaintiff continues to pay rent and complies with the terms of his lease." Dkt. 26 at 5. Thus, the most serious nonmonetary harm arising from this dispute—eviction—is not actual or imminent. *See Ne. Fla. Chapter*, 896 F.3d at 1285.

Third, with regard to the request for an order suspending Plaintiff's obligation to pay rent, monetary harm generally does not establish irreparable harm. Indeed, the Eleventh Circuit has said, "An injury is 'irreparable' only if it cannot be undone through monetary remedies." *Ne. Fla. Chapter*, 896 F.3d at 1285. To the extent that Plaintiff can establish his claims and convince the Court or the jury that his rental agreement should be cancelled through rescission,[2] the Court can award damages for rents paid. An award for damages is an adequate legal remedy, which precludes injunctive relief. *Sampson v. Murray*, 415 U.S. 61, 88 (1974) (noting that the "basis for injunctive relief in the federal courts has always been irreparable harms and inadequacy of legal

---

[2] Assuming that such a remedy is available for the claims asserted in the amended complaint.

remedies"). In other words, although Plaintiff may be harmed by continuing to pay rent, that harm is not irreparable for the purposes of preliminary injunctive relief.

Lastly, the Motions also fail to comply with the Local Rules. *See* Dkt. 40 at 6–7. Plaintiff is again forewarned that any future motion that does not comply with the Local Rules may be denied on that basis alone.

## IV. RECOMMENDATIONS

Accordingly, I respectfully **RECOMMEND** Plaintiff's Emergency Motions for Protective Orders (Dkts. 10, 37) be **DENIED**.

### Notice to Parties

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**ENTERED** in Orlando, Florida, on October 20, 2025.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Hon. Wendy W. Berger

Andrew James Ensor
2328 Conway Road Apartment O
Orlando, Florida 32812

Counsel of Record