UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANDREW JAMES ENSOR,

    Plaintiff,

vs.

THE PARK AT VENOSA
APARTMENTS; CONWAY
PROPERTY HOLDINGS, LLC;
RANDY X. FERREIRA; LISA
GORSUCH; BLUE ROCK
PREMIER PROPERTIES, LLC;
DAVID NACHMAN; 2320
CONWAY PROPERTY
OWNER, LLC; MAGNOLIA
APARTMENTS; and BLUE
ROCK PREMIER
PROPERTIES, LLC,

    Defendants.

Case No.
6:25-cv-1628-AGM-RMN

## <u>ORDER</u>

This matter is before the Court without oral argument on a motion to strike (Dkt. 156) filed by Plaintiff Andrew James Ensor. Defendant's filed a notice in response to the motion. Dkt. 180.

Plaintiff seeks an order striking an exhibit filed by the Defendants and prohibiting the Defendants from relying on the

exhibit in this action. Dkt. 156 at 2147.[1] Incorporating by reference arguments made in other filings, Plaintiff contends the requested relief is proper because the exhibit contains hearsay, has not been authenticated, and is unduly prejudicial. *Id.* at 2147–48. The motion is denied for two reasons.

First, the motion violates the requirements of this Court's Local Rules. Rule 3.01(h) states that a "motion, other legal memorandum, or brief may not incorporate by reference all or part of any other motion, legal memorandum, or brief." Because the motion does so, it is denied.

Second, to the extent that Plaintiff wishes to raise evidentiary arguments concerning evidence proffered by the Defendants in support of their motion for summary judgment, Plaintiff must include those arguments in his response to that motion. Federal Rule of Civil Procedure 56(a) states that a party is "entitled to judgment as a matter of law" if the party "shows that there is no genuine dispute as to any material fact." Subpart (c) of the rule further clarifies the procedure. With regard to factual positions, parties "asserting that a fact cannot be or is genuinely disputed must support the assertion by" either (1) citing to particular parts of the record or (2) showing that the materials cited by the opposing party do not

---

[1] Pinpoint citations to filings in this case refer to the PageID contained in the cm/ecf header printed on each page.

establish the absence of a genuine dispute, or (3) showing the moving party "cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)–(B). Rule 56(c)(2) provides further that a "party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." The applicable rule therefore requires Plaintiff to raise the evidentiary arguments made in his motion to strike in his response to the Defendants' motion for summary judgment.

Accordingly, it is **ORDERED** that Plaintiff's Motion to Strike (Dkt. 156) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on June 15, 2026.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Andrew James Ensor
2367 Conway Road, Apt. #218
Orlando, Florida 32812

Counsel of Record